## Shambach, Appellant, *v.* Middlecreek Electric Company.

*Negligence—Death—Widow—Compromise of suit by widow—Acts of April 15, 1851, P. L. 669, and April 26, 1855, P. L. 309.*

A widow with minor children, who has brought an action in her own name for the benefit of herself and her children who are named in the statement of claim, has a right to compromise and settle the case for a valuable consideration when she does so in good faith, and is not overreached or defrauded, and this she may do without consent of a guardian of the children. After such a settlement the children have no standing further to prosecute the suit.

Argued May 9, 1911. Appeal, No. 114, Jan. T., 1911, by plaintiff, from judgment of the Superior Court, March Term, 1910, No. 23, affirming judgment of C. P. Snyder Co., Oct. T., 1907, No. 59, for defendant n. o. v. in case of Ida Shambach v. Middlecreek Electric Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before McCLURE, P. J.

The case turned upon the question whether the widow had the right to settle the suit. See report of same case in 45 Pa. Superior Ct. 300.

The following opinion was filed by MORRISON; J.

This is an action of trespass based on the death of Henry Shambach, caused, as alleged, by the negligence of the defendant. The verdict of the jury has settled the

question of the defendant's negligence and the lack of contributory negligence by the deceased, and these questions are not raised in this appeal.

The deceased was survived by his widow, Ida Shambach and nine children, named in the declaration, all, or nearly all, of them minors. By the act of April 15, 1851, P. L. 669 (see sec. 19, page 674), an action is given for the death of a person when caused by unlawful violence or negligence; and by the Act of April 26, 1855, P. L. 309, the persons entitled to recover are the husband, widow, children or parents of the deceased, the sum recovered going to them in the proportion they would take the personal estate of the deceased in the case of his or her intestacy. These acts determine the right to recover, which does not exist at common law and has no existence outside of them. It has been decided that these acts are in pari materia. And it is conclusively established by a line of decisions of our Supreme Court that when there is a husband or widow, children are not only not necessary, but not even proper parties, but it is necessary to name them in the declaration: Huntingdon & Broad Top Railroad Co. v. Decker, 84 Pa. 419; Haughey v. Pittsburg Rys. Co. (2), 210 Pa. 367; Black v. B. & O. R. R. Co., 224 Pa. 519. The right of said action cannot be assigned by the widow to the child, so as to enable suit to be brought in her name for its benefit: Marsh v. Western New York & Penna. R. R. Co., 204 Pa. 229, and by the plain terms of the act of 1855 the children cannot bring suit for themselves in their own names while the widow is living.

In the present case, after the widow had brought the action to recover damages for herself and the nine children of the deceased, and had named the latter in the declaration, as required by the act of 1855, she, on December 10, 1907, in consideration of $750 paid to her by the defendant, executed and delivered, under her hand and seal, a release and discharge of the defendant from all claims and demands of any kind for or by reason of, or in any way growing out of the accident, or death of said Henry

Shambach.   Thereafter it was sought at the trial of the
case to recover, notwithstanding this release, the propor-
tion of the damage claimed by the children, to wit, two-
thirds of such sum as might be allowed by the jury.   It
is conceded that the widow favored such recovery.   The
defendant's counsel offered said release in evidence and
claimed that it ended the suit; in substance, that the
widow having the statutory right to bring and carry on
the suit, and recover damages allowed by the court and
jury, necessarily had the right to compromise and settle
the suit for a good and valuable consideration.   The trial
judge admitted the release in evidence, notwithstanding
the objection of plaintiff's counsel, and noted an excep-
tion and sealed a bill for plaintiff, reserving the question
of the effect of the release, and submitted the case to the
jury, and the result was a verdict in favor of the plaintiff
for $1,320.80 for the use of the children.   Thereupon
defendant's counsel moved the court for judgment non
obstante veredicto, and upon argument and consideration,
the court subsequently granted such judgment for the
defendant.   To this judgment the plaintiff excepted and
the court sealed a bill of exceptions as required by the
Act of April 22, 1905, P. L. 286.

We do not understand that any question is raised as
to the sufficiency of the release to end the case, provided
the widow, plaintiff, had the power to compromise the
claims of the children and release their rights.   It thus
appears that the single question now raised for decision
is, Was the court right in holding that the widow, plaintiff,
had the power to compromise and settle the case without
the consent of a guardian of the minor children, and with-
out the approval of the court whose wards the said minors
were?   It is conceded that this exact question has not been
decided by either of the appellate courts of this state.
At the argument and on first consideration of this question
we were inclined to think the court erred in granting judg-
ment for the defendant non obstante verdicto.   But on
more careful consideration of the acts of assembly, the

authorities, the opinion of the court, and the arguments of the able counsel representing both sides of the case, we are forced to the conclusion that the judgment is right. It having authoritatively been decided in many cases by our Supreme Court that the widow is the proper party to sue in her own name and carry the suit to judgment and collection, it is difficult to see why she may not compromise and settle the case for a valuable consideration when she is not overreached or defrauded.

The able counsel for plaintiff cites and relies with much apparent confidence on the following cited and other cases: Lewis v. Turnpike Co., 203 Pa. 511, where Mr. Justice MITCHELL said: "The act first gives the right of action and then prescribes the mode of distribution of the sum recovered, but that necessarily means distribution among those entitled to sue. It would be absurd to suppose that in the same sentence the statute meant to give part of the damages to those to whom it had denied the right of action. We think the counsel draws an erroneous conclusion from this language. It refers mainly to the question of distribution and what is said about the right to sue refers to those who under certain conditions have that right. If the widow be dead, the children have a right to sue. A portion of the damage belongs to them and they are interested in the distribution. But the language of Mr. Justice MITCHELL does not mean that the children are parties to the suit of the widow except that they are to be named in the declaration for the purpose of distribution.

We also think the language of Mr. Justice STERRETT in Birch v. Ry. Co., 165 Pa. 339, does not bear the construction put upon it by plaintiff's counsel. Counsel argues from that authority that even where the widow survives, the children have the right to maintain an action. This view is in conflict with the act of 1855 and with the adjudicated cases thereon. The children do not have the right to sue and carry on an action while the widow is alive. Counsel also cites Lehigh Iron Co. v. Rupp, 100 Pa. 95, but we do not think that case sustains plaintiff's

contention. On page 99, Mr. Justice TRUNKEY, speaking for the Supreme Court, said: "When a husband or wife recovers damages, and there are children of the deceased, the provisions of the statute for distribution under the intestate law applies, and strictly accords with the main object of the statute, which is a remedy for the loss to the family. That case concedes that the suit is to be brought and carried on by the husband or wife but that the children are interested in the distribution, and it does not sustain the proposition that the children are necessary parties to the action. The learned counsel also cites a number of cases where the widow and children were joined as plaintiffs, but they must and do concede that the authoritative decisions of the Supreme Court are that the suit should be brought in the name of the widow while she survives. Counsel cite and urge upon our consideration a decision by the late Judge SIMONTON in Styles v. Steel Co., 2 Dauphin County, 257, and 7 Del. County, 456. That case is not binding upon us although we entertain great respect for a decision of that able judge. The case is not well reported, but it seems to have been an attempt on the part of the widow to discontinue an action brought to recover damages caused by the death of the husband and father. What Judge SIMONTON really decided was that the widow could not discontinue the suit. It must be borne in mind that when the action is pending it is always within the discretion of the court whether or not the plaintiff shall be allowed to discontinue it. There may have been strong reasons why that case was not allowed to be discontinued. The widow might have been moved by improper motives. It must be and is conceded that the children have an equitable right or title to their shares of the damages recovered by the widow and if she does not recognize their rights, she will be declared a trustee of the fund upon a proper application to a court of equity having jurisdiction of the parties: Allison et al. v. Powers, 179 Pa. 531; Lewis v. Turnpike Co., 203 Pa. 511.

In support of the judgment of the court below we do

not see that much can be added, with profit, to the lucid opinion of Judge McCLURE in support of his decision. In that opinion he refers to and cites a large number of cases from courts of other states arising under statutes more or less similar to ours. The great weight of those authorities in Tennessee, Rhode Island, Minnesota, Mississippi, etc., are in support of the conclusion that the widow in the present case had the power to make the compromise and settlement in question. As showing the view of another common pleas judge the case of Toole v. Jones, 32 Pitts. Leg. Jour. 387, is cited. In that case the court said: "The statute having invested the widow with the power to bring suit for herself and children, she could compromise and settle the claim without suit when it is done fairly. In which case she would be accountable to the children for two-thirds of the amount received just as though she had recovered at the end of a suit. Much importance is attached by appellant's counsel to some cases decided by the Supreme Court of Texas and also cases under a similar statute of the territory of Arizona. These cases held that the widow could not remit any portion of a verdict in favor of the beneficiaries: Southern Pacific Co. v. Tomlinson, 163 U. S. 369. The Texas cases holding that the widow had no power under the statute of that state to compromise or release the rights of her minor children. As we understand the statutes referred to, they require a specific finding by the jury in favor of each beneficiary, and that distinguishes them from our statutes which authorize a general verdict for the widow or husband plaintiff.

We have been referred to an interesting opinion by District Judge ARCHIBALD in Paolo v. Laquin Lumber Co., in the circuit court of the United States for the middle district of Pennsylvania. That was an action to recover damages under our acts of 1851 and 1855, and we are much impressed with the reasoning of that able judge, and he reaches a conclusion, expressed as follows: "The right to compensation for the death of a person rises no

higher than that of the one who is authorized to sue for it; and the right to sue being given by the statute to the widow who is living, no other is qualified. The children have no interest except in the damages which she recovers, and only after she has recovered them. There is no severable share which entitles either of them by himself, as here, to a direct and separate cause of action. It is true that in Toole v. Jones, 32 Pitts. Leg. Jour. 387, a suit was sustained in the name of the wife for the use of the children, after she had settled and released her individual damages, but if that is to be taken as opposed to the views which are here expressed, it is contrary to what was decided in Marsh v. Western New York & Penna. R. R. Co., 204 Pa. 229, and is therefore no authority. In the Marsh case also, the widow refused to prosecute, which would seem to present as strong a ground for allowing the child to sue for itself, as where she herself is qualified; and yet it was held insufficient to do so.".

District Judge RAND in the circuit court of the United States for the southern district of New York in the case of Conover v. Penna. R. R. Co., 176 Fed. Repr. 638, held as follows: "It is quite clear under the law of Pennsylvania that the widow alone is the person in whom the right of action is vested. (Citing several Pennsylvania authorities.) All the proceeds she holds in trust for herself and children; but there is no provision anywhere in the statute by which the interest of the children may be apportioned in the action, and the proceeds are to be turned over to her for distribution. I think that payment to her, or settlement with her, was effective bar just as it is in the case of any other trustee, and that the person who deals with her need not follow the application of the proceeds." The judge then refers to the case of Southern Pacific Co. v. Tomlinson, 163 U. S. 369, and points out why that decision does not apply under the Pennsylvania statutes. "In the first place they were all parties to the record, a procedure which was permitted by the statute. The widow, was, therefore, in the position of trying to compro-

mise the interests of other parties to the record than herself.   In addition, as permitted by the statute, the jury has assessed separately the recoveries for each of the parties plaintiff, and it is obvious that the widow, being only one of the parties plaintiff, had no right to interfere with the rights of any other than herself.   In view of the fact that the Pennsylvania courts do not admit the children as parties plaintiff at all, that case has no bearing upon the Pennsylvania statutes." .

. It is argued with much earnestness that the view taken by the court below upholding the right of the widow to compromise and settle the claim might result in the children losing their two-thirds of the recovery.   This is true. But it is a legislative rather than a judicial question. Under the act of 1855, as construed by our Supreme Court, the children are not parties to the suit, but are only required to be named in the declaration for distributive purposes.   It does seem that the statutes which allow the person who is only entitled to one-third of the recovery, to settle and adjust the claims of those entitled to the other two-thirds, is faulty, but this can only be remedied by the legislature.

Notwithstanding the very able and earnest argument and reargument of this case on the part of the able counsel for the appellant, we are not convinced that the court below erred in entering judgment for the defendant non obstante veredicto.

The assignments of error are dismissed and the judgment is affirmed.

HENDERSON, ORLADY and BEAVER, JJ., dissent.

*Error assigned* was the judgment of the Superior Court.

*Grant Herring*, with him *F. S. Wagenseller*, for appellant.

*C. E. Sprout*, of *Sprout & Cupp*, and *Charles P. Ulrich*, for appellee.

PER CURIAM, July 6, 1911:

The judgment is affirmed on the opinion of the Superior Court.