# Weikel, Appellant, *v.* Philadelphia & Reading Railway Co.

*Negligence—Railroads—Grade crossing—"Stop, look and listen" —Province of court and jury.*

In an action against a railroad company to recover damages for the death of plaintiff's husband, binding instructions for defendant are proper, where the uncontradicted evidence shows that the deceased was killed at a grade crossing in an open level country about six o'clock of a clear December evening; that from a point 550 feet from the crossing on the highway on which the deceased was driving there was an unobstructed view of the railroad for a distance of 4,558 feet; that at a point forty feet from the track at which it was testified that deceased stopped, looked and listened, the train which struck him could have been seen, and that it was in plain view all the way from that point to the crossing; that the train had the headlight shining and the cars lighted; and that the nearest lights which might have confused the deceased were over three-quarters of a mile away.

Argued May 6, 1912. Appeal, No. 119, Jan. T., 1911, by plaintiff, from judgment of C. P. Union Co., March T., 1910, No. 40, on verdict for defendant by direction of the court in case of Cora Weikel v. Philadelphia & Reading Railway Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before McCLURE, P. J.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Cloyd Steininger* and *Frederic E. Bower,* for appellant.—The testimony on the matter of the defendant's negligence clearly raised an issue for the jury: Longenecker v. Penna. R. R. Co., 105 Pa. 328; Quigley v. Canal Co., 142 Pa. 388; Link v. R. R. Co., 165 Pa. 75; Daubert v. R. R. Co., 199 Pa. 345; Schwarz v. R. R. Co., 218 Pa. 187.

The presumption is the deceased did his full duty and stopped, looked and listened at the proper place before he attempted to cross the track and was killed: Lehigh Valley R. R. Co. v. Hall, 61 Pa. 361; Pa. Canal Co. v. Bentley, 66 Pa. 30; Penna. R. R. Co. v. Weber, 76 Pa. 157.

*Andrew A. Leiser,* with him *Erwin M. Beale,* and *Andrew A. Leiser, Jr.,* for appellee, cited: Carroll v. Pa. R. R. Co., 12 W. N. C. 348; Myers v. R. R. Co., 150 Pa. 386; Sullivan v. R. R. Co., 175 Pa. 361; Gangawer v. P. & R. R. R. Co., 168 Pa. 265; Ellis v. Pa. R. R. Co., 216 Pa. 415; Evans v. Pennsylvania Co., 226 Pa. 370.

OPINION BY MR. JUSTICE POTTER, October 14, 1912:

The plaintiff here sought to recover damages for the death of her husband which resulted as she alleged, from the negligence of the defendant company. The accident occurred at a grade crossing known as the Mertz crossing, in the open country, at six o'clock upon a clear evening in December. The situation of the crossing afforded an unobstructed view of the track in the direction from which the train was approaching, for a distance of about one mile. The plaintiff's husband, Earnest Weikel, and a companion, were riding in a one-horse wagon upon a public highway which ran almost parallel with, and near the railroad tracks for a considerable distance before the crossing was reached. Weikel and his companion Keiffer were well acquainted with the neighborhood and with the running of the trains. They were driving southward, and came upon

the Mertz crossing from the east side, or upon the north bound track. The train which struck them was upon the western track, south bound. There were three railroad tracks at the place in question, which the highway crossed diagonally, extending about 77 feet from outside to outside. Upon the trial, at the close of the testimony, the trial judge gave binding instructions to the jury to render a verdict for the defendant, upon the ground that the decedent was guilty of contributory negligence. Whether or not the court below erred in so doing, is the single question here raised by the three assignments of error. The trial judge thought the conclusion was irresistible, from the testimony, that the young men drove negligently into an obvious danger. In his opinion refusing the motion for a new trial, he says: "At any point on the highway between the culvert and the crossing, a distance of 550 feet, there is an unobstructed view of the railroad tracks, from the cross over switch, down to the Mertz crossing, a distance of 4,558 feet, without even a tree or bush to prevent a traveler from seeing or hearing an oncoming train. We know of no crossing where a better opportunity is afforded the driver of a wagon to acquaint himself with the approach of a train before committing himself to the crossing. It is absolutely impossible for Keiffer and Weikel to have been upon the crossing, with too short a time to get off, before the train came in sight. This moving train could have been seen, had they looked, not only at the point forty-feet from the track, where Keiffer said they stopped, looked and listened, but it was in plain view all the way from that point to the crossing." We think this statement of what in substance was shown by the undisputed testimony, justified the conclusion reached by the court below. The witness Harbeson testified that he was driving along behind the wagon in which Weikel and Keiffer were, and he saw the train coming and stopped before reaching the crossing. He testified that he saw the train approaching, with headlight burning,

and coaches lighted. Counsel for appellant argue that there may have been some confusion between certain switch lights and those on the locomotive. But these switch lights, as appears from the undisputed testimony, were more than three-quarters of a mile away, leaving a space of that length without room for confusion. The trial judge disposes of this feature by saying, in his opinion: "It is said the switch lights were confusing, but the nearest light is 4,353 feet from the crossing, and from the time the train passed this light until it struck the wagon a full minute must have elapsed, time enough for a horse to walk over the crossing and back again."

The case of Howard v. B. & O. R. R. Co., 219 Pa. 358, is cited as authority for the proposition that this case should have been submitted to the jury. The point of that decision lay in the fact that the view along the track in the direction from which the train came, was limited to a distance of about six hundred feet. So that, having looked as far as possible, and seeing no train approaching, and then starting over, one might have been caught without fault of his own. In the Howard case, the limited distance for which the track could be seen, might readily have rendered useless the precaution of looking. Hence, in that case, we held that the court could not say as a matter of law that the fact of the collision made the inference of contributory negligence unavoidable. But in the present case, the long stretch of track, without any obstruction to the view, over which an approaching train must pass, made it idle to say that the train which struck the men while crossing the track was not in plain sight, when they started to cross. The conclusion that the men drove negligently into obvious danger, seems to us, as it did to the court below, to be the only reasonable inference which could have been drawn from the testimony.

The assignments of error are overruled, and the judgment is affirmed.