# Miller et al., Appellants, v. Pennsylvania Railroad Company.

*Negligence—Railroads—Death—Parties plaintiff—Acts of April 15, 1851, P. L. 669, 674, Sec. 19, and April 26, 1855, P. L. 309, Sec. 1 —Railroad crossings—Stop, look and listen—Presumption—Rebuttal—Contributory negligence—Binding instructions.*

1. Where a man and his wife were injured in a railroad accident and the man died immediately, and his wife died three days thereafter without bringing an action for the death of her husband, the children were proper parties to sue for the death of their father under the Acts of April 15, 1851, P. L. 669, 674, Section 19, and April 26, 1855, P. L. 309.

2. Where in such case it appeared that decedents were driving in a market wagon upon a turnpike which paralleled the railroad for some distance before crossing it; that the wagon was a closed one with curtains, sliding door and glass front, and that a train running in the same direction in which they were going struck them as they were about to cross, causing the injuries which resulted in their death; and that the view was unobstructed at the crossing for a distance of over 800 feet, the presumption that decedents stopped, looked and listened before attempting to cross was rebutted by the circumstances, although there was no direct evidence on this point, and the court properly directed a verdict for defendant.

Argued May 16, 1916; reargued Sept. 28, 1916.   Appeal, No. 175, Jan. T., 1916, by plaintiffs, from judgment of C. P. York Co., April T., 1916, No. 30, on directed verdict for defendant, in case of Ivan L. Miller, Boyd L. Miller, Curvin L. Miller, Susan Melinda Strong, Jacob I. Miller, Paul E. Miller v. The Pennsylvania Railroad Company.   Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.   Affirmed.

Trespass to recover damages for the death of plaintiffs' father.   Before WANNER, P. J.

The opinion of the Supreme Court states the facts.

The trial judge directed a verdict for defendant upon which judgment was entered.   Plaintiffs appealed.

*Error assigned* was in directing a verdict for defendant.

*Henry C. Niles,* with him *Michael S. Niles* and *J. Edgar Small,* for appellants.—The inference to be drawn from the evidence was not so clear and free from doubt as to warrant the court in deciding as a matter of law that the presumption that plaintiffs' father exercised due care had been rebutted: Patterson v. Pittsburgh, Cin., Chicago & St. Louis Ry. Co., 210 Pa. 47; Unger v. Philadelphia, Balto. & Wash. R. R. Co., 217 Pa. 106; Sontum v. Mahoning & Shenango Ry. & Light Co., 226 Pa. 230; Woodruff v. Lehigh Val. R. R. Co., 231 Pa. 640; Hugo v. Balto. & Ohio R. R. Co., 238 Pa. 594; Schmidt v. Philadelphia & Reading Ry. Co., 244 Pa. 205; Penna. R. R. Co. v. Weber, 76 Pa. 157.

The plaintiffs were the proper parties to bring the action: Penna. R. R. Co. v. Henderson, 51 Pa. 315; Huntingdon & Broad Top R. R. & Coal Co. v. Decker, 84 Pa. 419; Centofanti v. Penna. R. R. Co., 244 Pa. 255; Lau Ow Ben v. U. S., 144 U. S. 47; Thompson v. Del., Lack. & Western R. R. Co., 41 Pa. Superior Ct. 617; Mouer v.

Cumberland Val. R. R. Co., 231 Pa. 638; Fitzgerald v. Edison Electric Illuminating Co., 207 Pa. 118; Haggerty v. Pittston Boro., 17 Pa. Superior Ct. 151.

*George Hay Kain,* with him *Smyser Williams* and *Richard E. Cochran,* for appellee.—Decedent was guilty of contributory negligence: Carroll v. Penna. R. R. Co., 12 W. N. C. 348; Myers v. B. & O. R. R. Co., 150 Pa. 386; Harvey v. Erie R. R. Co., 210 Pa. 95; Dryden v. Penna. R. R. Co., 211 Pa. 620; Walsh v. Penna. R. R. Co., 222 Pa. 162; Hamilton v. Central R. R. of N. J., 227 Pa. 137; Weikel v. Philadelphia & Reading Ry. Co., 237 Pa. 524.

Plaintiffs have no right of action.

The widow, if there be one, has the sole right to sue and a subsequent class enumerated in the act is not entitled to sue for or recover any part of the damages if the widow failed to bring the action: Lehigh Iron Co. v. Rupp, 100 Pa. 95.

Where there is a widow, the children are not only not necessary, but not even proper parties, and the right to sue cannot be assigned by the widow to a child: Huntingdon & Broad Top R. R. & Coal Co. v. Decker, 84 Pa. 419; Marsh v. Western N. Y. & Pa. Ry. Co., 204 Pa. 229; Haughey v. Pittsburgh Rys. Co. (No. 2), 210 Pa. 367.

OPINION BY MR. JUSTICE FRAZER, January 8, 1917:

This action was brought by the children of Jacob H. Miller and Emma Miller, his wife, to recover damages for the death of their father from injuries sustained by his being struck by defendant's train at a grade crossing. On the trial of the case, the court gave binding instructions for defendant on the ground that plaintiffs were not the proper parties to maintain the action. On motion for a new trial, the action of the court in giving binding instructions was approved, but it was held such defense could not be raised because not set up in the affidavit of defense in accordance with the provisions of the Practice Act of May 14, 1915, P. L. 483. The action of

the trial judge was sustained, however, on the ground that Miller was guilty of contributory negligence.

Miller and his wife were in a market wagon, driving along the turnpike which for some distance before crossing the railroad runs almost parallel with it. The wagon was a closed one, with curtains and sliding door and glass front. There was no witness who testified whether they stopped, looked and listened before attempting to cross. The train which struck them was running in the same direction they were going before reaching the crossing. There is a curve in the railroad track near the crossing, and this, together with the general contour of the ground, and the presence of a corn field between the wagon highway and the railroad, permitted a view of the railroad from the stop, look and listen sign in the direction from which the train came for a distance which witnesses fixed at from 650 to 872 feet. As the traveler approached the crossing this distance increased. Witnesses for plaintiffs stated that from the crossing the traveler had a clear view up the track a distance of 787 feet, while defendant's witnesses, together with photographic exhibits offered, are to the effect that a person standing within ten feet of the crossing could see a man standing on the track a distance of 1,040 feet from the crossing. The accident occurred about 6:30 on the evening of October 23d. It was already dark and the headlight was an ordinary oil lamp. The train, a fast express, was behind time, and one of plaintiffs' witnesses testified was running at the rate of a mile a minute. No effort was made by defendant to show the speed of the train. The engineer testified that he blew the whistle at the usual place about 1,400 feet from the crossing, and did not see Miller's team until the collision occurred. Other employees on the train testified the whistle was blown just before the whistling post was reached. On the other hand, a witness for plaintiff said the whistle was not blown until the train was near the crossing and another testified the blowing of the whistle and the collision were

practically simultaneous.    The horse was struck in the side and rear and thrown to one side of the track, while parts of the wagon were strewn along both sides of the track.    Jacob Miller died from his injuries a few minutes after the accident and Mrs. Miller three days later.

The first question for our consideration is the right of the plaintiffs to maintain the action.    As has just been said, Mr. Miller died a few minutes after the collision and Mrs. Miller three days later.    No proceeding was instituted by her and this action was begun after her death by the children for damages suffered by them by reason of the death of their father.    Defendant contends the action should have been brought by the personal representatives of the widow, and that the children had no standing to bring suit in their own names.    Section 19 of the Act of April 15, 1851, P. L. 669, 674, provides that "Whenever death shall be occasioned by unlawful violence or negligence and no suit for damages be brought by the party injured, during his or her life, the widow of any such deceased, or, if there be no widow, the personal representatives, may maintain an action for and recover damages for the death thus occasioned."    It was found this act frequently benefited creditors rather than the persons who were dependent upon the deceased, and the Act of April 26, 1855, P. L. 309, was passed, providing, in Section 1, that "The persons entitled to recover damages for any injury causing death, shall be the husband, widow, children or parents of the deceased, and no other relative; and the sum recovered shall go to them in the proportion they would take his or her personal estate in case of intestacy, and that without liability to creditors."    Section 2 of the act requires the declaration to state who are the parties entitled to such action.    The above acts have been before the courts for construction in numerous cases, but the exact question here raised has not been decided.    The later act does not repeal the earlier, except as to the parties entitled to recover: Birch et al. v. Pittsburgh, Cincinnati, Chicago & St. Louis Ry., 165 Pa.

339; Maher, Admr., v. Philadelphia Traction Co., 181 Pa. 391; and it is therefore necessary to construe them together.   The Act of 1855 takes away the right of personal representatives to sue where no action has been begun by the party injured during his or her lifetime, and provides that "the persons entitled to recover damages" shall be the husband, widow, children or parents of the deceased.   But the right to participate in the distribution of the sum recovered, given by the Act of 1855, implies a right on the part of the persons named to sue in their individual names to recover such amounts in all cases where no persons having a prior right of suit under the act are in existence.   It was said in Lewis v. Hunlock's Creek & Muhlenburg Turnpike Co., 203 Pa. 511, 513, "The act first gives the right of action, and then prescribes the mode of distribution of the sum recovered, but that necessarily means distribution among those entitled to sue.   It would be absurd to suppose that in the same sentence the statute meant to give part of the damages to those to whom it had denied the right of action." If there are children and a husband or widow surviving, the action must be brought in the name of the husband or widow alone.   The children must not be joined as plaintiffs even though they are entitled to a portion of the sum recovered: Haughey v. Pittsburgh Rys. Co. (No. 2), 210 Pa. 367.   If neither husband nor widow survives, the right of action is in the children, if any, and, if not, it is given to the parents of the deceased.   It thus appears the action to be brought is not a joint one, but is given to the various classes of persons in the order named: Huntingdon & Broad Top R. R. & Coal Co. v. Decker, 84 Pa. 419, 425; Lewis v. Hunlock's Creek & Muhlenburg Turnpike Co., 203 Pa. 511, 513.

In Shambach v. Middlecreek Elec. Co., 232 Pa. 641, the court quotes the language given above from Lewis v. Turnpike Co., and says (page 644): "It refers mainly to the question of distribution and what is said about the right to sue refers to those who under certain conditions

have that right.    If the widow be dead the children have a right to sue."

In Fitzgerald v. Edison Elec. Illuminating Co., 207 Pa. 118, a widow brought an action for damages for the death of her husband and died before actual trial, and it was held that her administrator was properly substituted as plaintiff.    It was there said (p. 122) : "If the widow had lived until the suit was concluded, the sum recovered would have been divided between her and the child, as in the case of the death intestate of the husband and father.    If she had lived until after the judgment was obtained, but had died before it was paid, certainly her administrator would have been entitled to take the share coming to her.    As she died during the pendency of the litigation, we can see no good reason why her administrator was not properly substituted to maintain the action in her behalf.    The question as to who should be substituted as plaintiff upon the death of the widow under circumstances such as these, is of no practical importance.    The interest of the child in the proceeds remains and can only properly be paid to its guardian."

While none of the foregoing authorities present the same facts as the case before us, the principles announced are of material assistance in reaching a proper conclusion.    Had Mrs. Miller begun the suit before her death, her personal representatives might have continued the proceedings for the benefit of herself and children, but since she brought no action, the class of persons next entitled to sue under the act was the children.    It is conceded that, had she predeceased her husband, the children would have been the proper parties plaintiff.    No logical reason appears why the mere circumstance of her having survived her husband and died without bringing suit should make a difference so far as the right of plaintiffs to sue is concerned.    The proceeds of the suit now go to the children alone as the parties who would take the personal estate of the deceased "in case of intestacy," and the right to such proceeds necessarily implies a right

to sue to recover them. The only limitation given by the statute on the right to sue is that the action shall be brought within one year after the death of the parent, for whose injury a recovery is sought. A suit by the children is a bar to any proceeding brought by the personal representatives of the widow, because the children are the persons now expressly entitled under the act to sue. If any other person has an interest in the proceeds, such interest can be taken care of in the distribution of the fund: Huntingdon & Broad Top R. R. & Coal Co. v. Decker, 84 Pa. 419, 426. The court below erred therefore in holding the plaintiffs were not the proper parties to maintain the action. Under this view of the case, it is not necessary to consider the right of defendant under the Practice Act of 1915 to raise the question of proper parties in the absence of any reference thereto in the pleadings.

The only other question covered by the assignments of error is the right of plaintiffs to recover under the facts of the case. To begin with, we have the well-known presumption of law that decedent performed the duty which required him to stop, look and listen before attempting to cross the tracks. This presumption may be rebutted by evidence showing he in fact failed to observe that duty. In the absence of direct testimony, the circumstances of the accident, the physical conditions of the ground at the time it happened, and like matters, are competent evidence for this purpose, and, unless only one inference may be drawn from the facts, the question whether the presumption has been rebutted is for the jury: Schmidt v. Philadelphia & Reading Ry. Co., 244 Pa. 205. An illustration of the facts and circumstances which are sufficient to warrant the court in determining the question of contributory negligence as matter of law will be found in Weikel v. Philadelphia & Reading Ry. Co., 237 Pa. 524, where, from a distance of 550 feet from the crossing, there was a continuous unobstructed view of the railroad for nearly a mile and no excuse shown for

failure of deceased to observe the approaching train. The court distinguished the case of Howard v. Baltimore & Ohio R. R., 219 Pa. 358, on the ground that in the latter case the view along the track in the direction from which the train came was limited to a distance of about 600 feet.   It also appeared in the latter case that plaintiff in fact stopped to look and listen and testified that he neither saw nor heard the approaching train, which struck the rear wheels of his wagon as they were leaving the track.

The present case resembles Walsh v. Penna. R. R. Co., 222 Pa. 162, where it appeared plaintiff, while driving a market wagon, was struck at a crossing with which she was familiar.   She testified she stopped at a point 20 feet distant from the first track, which was a siding, where she had an unobstructed view for 440 feet, and seeing the track was clear proceeded and was struck by a train.   It also appeared that, as she approached the crossing, her view of the tracks increased and at a distance of ten feet from the main track her view was unobstructed for nearly 1,000 feet.   The court held that had she looked after starting from the point of her first observation she could easily have seen the train approaching and avoided the accident, and binding instructions for defendant were sustained.   In the present case deceased was familiar with the locality and the distance which he could see along the track was variously given as from 787 to 1,040 feet.   The engine struck the horse and the front part of the wagon, indicating that the train was near when the horse first entered on the track. Under these circumstances the only reasonable inference is that if decedent had taken proper precautions before attempting to cross, and had stopped to look and listen, he could not have failed to observe the approaching train.

The judgment is affirmed.