## Dunham v. Dunham

*Kenneth E. Fox, Jr.,* for plaintiff.
*Walter E. Dunham,* p.p.

HENDERSON, P. J., February 25, 1970.—This is an attachment execution proceeding, the determination of which is controlled by an interpretation of the wrongful death statute. The portion of the statute which is in question reads as follows:

"The persons entitled to recover damages for any injuries causing death shall be the husband, widow, children, or parents of the deceased, and no other relatives; and that such husband, widow, children, or parents of the deceased shall be entitled to recover, whether he, she, or they be citizens or residents of the Commonwealth of Pennsylvania, or citizens or residents of any other state or place subject to the jurisdiction of the United States, or of any foreign country, or subjects of any foreign potentate; and the sum recovered shall go to them in the proportion they would take his or her personal estate in case of intestacy, *and that without liability to creditors under the laws of this Commonwealth.* If none of the above relatives are left to survive the decedent, then the personal representative shall be entitled to recover damages for reasonable hospital, nursing, medical, funeral expenses, and expenses of administration neces-

sitated by reason of injuries causing death": April 26, 1855, P. L. 309 §1; 1911, June 7, P. L. 678, §1; April 1, 1937, P. L. 196, §1: 12 PS §1602 (Italics supplied.)

The question here deals particularly with the italicized portion of this statute. If the statute is interpreted to mean creditors of decedent, then the garnishment proceedings against the beneficiaries will lie and the preliminary objections will be overruled. On the other hand, if the statute is interpreted to mean the creditors of the persons entitled to damages in the wrongful death action, then the garnishment proceedings will not be proper and the preliminary objections will be sustained.

Should the statutory language ". . . and that without liability to creditors under the laws of this Commonwealth" be interpreted in such a fashion as to exclude the creditors of those persons who are entitled to damages under the wrongful death act? This question was specifically ruled upon in Butler Estate, 38 D. & C. 519 (1940), in the following language:

"It is the opinion of the court that the provision therein, that any sum recovered thereunder shall go to the persons entitled to share in the proportion they would take of the personal estate of the deceased in case of intestacy 'without liability to creditors', has reference to creditors of decedent, and not to creditors of the beneficiaries. This is clear from a consideration of the fact that the prior Wrongful Death Act of April 15, 1851, P. L. 669, 674, gave a right of action for such injuries to the personal representatives of the deceased, the effect of which was that when any sum was recovered thereunder it became available to creditors of decedent, to such an extent that the widow and children very often received no benefit therefrom. The change made by the Act of 1855 was to confer the right of recovery on certain members of the family directly, and to emphasize the point the

words 'without liability to creditors' were added, meaning, obviously, the creditors of decedent. So that when such a fund comes into the hands of a surviving husband, or wife, or children, it cannot be taken for the payment of debts of decedent, but there is no reason whatever for assuming that it cannot be taken for the payment of the beneficiary's own debts, certainly for his own maintenance."

Even though we are not bound by the holding in this case, we agree with that holding.

Another lower court case which recognized this holding was a York County case, wherein the court said:

"It is quite obvious, of course, that it would be to the benefit of the widow and minor daughter to have this fund distributed under the Wrongful Death Statute, because, by so doing, the fund would be exempt from the claims of decedent's creditors": Lucabaugh Estate, 74 D. & C. 68, 75 (1949).

In 1917, the Pennsylvania Supreme Court in Miller v. Pennsylvania Railroad Company, 256 Pa. 142, at 146, 100 Atl. 654 (1917), stated that the wrongful death statute of 1851 "frequently benefited creditors rather than the persons who were dependent upon the deceased" and went on to hold that the Act of 1855, which used the italicized statutory language above, was then enacted to bypass decedent's creditors in distribution of the proceeds.

Also, in Fisher v. Dye, 386 Pa. 141, 125 A. 2d 472 (1956), the Supreme Court seemed to indicate that survival actions, in contrast to wrongful death actions, find primary justification in the protections that the survival action affords to the creditors of decedent.

Even though the Lucabaugh, Miller and Fisher cases do not specifically rule on fact situations in which creditors of the beneficiaries are involved, and,

therefore, are not directly on point, we find them relevant to the issue.

At least one hornbook takes the position that it is decedent's creditors rather than the creditors of those participating in the benefits which are excluded, in the following language:

"The damages recovered in the survivors' wrongful death action are not part of the decedent's estate proper and are not subject to the claims of *his* creditors": 4 Anderson Pa. Civ. Pract. §2201.31. (Italics supplied.)

We shall, therefore, adopt the rationale and decision of Butler Estate, supra, and hold that benefits payable under the wrongful death statute to the heirs of decedent are not exempt from garnishment proceedings instituted by creditors of the heirs.

### ORDER OF COURT

NOW, February 25, 1970, it is hereby ordered that the preliminary objections of Glenn McCracken, Jr., garnishee, and the preliminary objections of Nationwide Insurance Company, garnishee, are each overruled, and each garnishee is granted 20 days from the date hereof to file a responsive pleading.