## McKlveen v. Latrobe Area Hospital

Before us are the preliminary objections of defendants Palaika and Searfoss to plaintiff's complaint, raising demurrers and motions to strike. The demurrers concern paragraph 18 of plaintiff's complaint which reads as follows:

"18.  The Plaintiff is the son of decedent and was duly appointed administrator of his estate as

aforesaid, and brings this action by virtue of the Act of [April 26] 1855, P.L. 309, as amended, [12 P.S. §1602] and Pa.R.C.P. 2202(a)."

Defendants claim plaintiff should have instead cited the Act of April 15, 1851, P.L. 669, as amended, 12 P.S. §1601. Our courts have determined that the right to recover for wrongful death arises from joint application of both acts. See Shambach v. Middlecreek Electric Company, 232 Pa. 641, 81 Atl. 802 (1911). Consequently, the demurrers are without merit.

The motions to strike are directed at paragraph 24 of the complaint which reads as follows:

"24. Defendant John S. Palaika, M.D. breached his contract with the plaintiff's decedent, made when the defendant doctor accepted the plaintiff's decedent's case, by failing to act with reasonable care in the care and treatment of the plaintiff's decedent, which was contracted for by the decedent."

Defendants argue that this claim sounds in assumpsit and is barred by the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. §1301.101 et seq., the pertinent provisions of which read as follows:

"Section 102. Purpose. It is the purpose of this act to make available professional liability insurance at a reasonable cost, and to establish a system through which a person who has sustained injury or death as a result of *tort or breach of contract* by a health care provider can obtain a prompt determination and adjudication of his claim and the determination of fair and reasonable compensation. . . .

"Section 606. Provider not a Warrantor or Guarantor. In the absence of a special contract in writing, a health care provider is neither a warrantor nor a guarantor of a *cure*." (Emphasis supplied.)

Section 102 requires suits in tort or for breach of contract involving medical care to be brought before the arbitration panels. Section 606 states the sole exception to this general rule and merely prohibits suits based upon an oral or implied warranty of a *cure* or a *result* where no special contract in writing exists.

Inasmuch as plaintiff makes no claim of this nature, we see no bar to paragraph 24 of the complaint, which seeks damages for breach of contract based upon violation of a duty to act with *reasonable care*. Consequently, the motions to strike are meritless and, accordingly, we enter the following

## ORDER

And now, April 24, 1979, upon consideration of the preliminary objections filed by defendant Palaika on January 8, 1979, the brief in support thereof filed on February 14, 1979, the preliminary objections of defendant Searfoss, filed February 14, 1979 and plaintiff's answer to defendant Palaika's preliminary objections, filed February 2, 1979, it is hereby ordered and decreed that said preliminary objections are overruled. Defendants Palaika and Searfoss are accorded 20 days from the date this order is certified from the record in which to file appropriate responsive pleadings.