McFadden, Appellant, *v.* May.

Argued December 1, 1936.  Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Peter P. Zion,* with him *Albert H. Friedman,* for appellant.

*Joseph M. Leib,* with him *John J. McDevitt, III,* and *John J. McDevitt, Jr.,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, January 18, 1937:

Helen L. McFadden Moss, a married woman, was killed in an automobile collision. Her mother brought this action against the driver of the automobile, setting forth in her statement of claim that although the husband of the daughter was living, he had deserted her. There were no children of the marriage. The affidavit of defense challenged the right of the mother to maintain the suit, in view of her allegation that deceased's husband survived. The lower court entered judgment for defendant, from which this appeal was taken.

The question here raised is, may the mother of a deceased married woman maintain an action for her wrongful death where the husband survives but had deserted the deceased and failed to support her for more than one year prior to her death? Two ancillary questions are involved: First, under the Pennsylvania statutes is the right of action exclusive in the persons named, in the order in which they are named? Second, if so, does the disqualification of the person with the superior right entitle those next in order of preference to maintain an action?

As has been frequently stated, there was no right at common law to recover for the wrongful death of a near relative, such right being conferred by statute.[1] While the act does not so state, it has been held that the right of action is not joint, but solely in the first party named, or, failing such party, in the next class to the exclusion of the third.[2] In *Birch v. Railway,* 165 Pa. 339, it was said:

"If the deceased leaves a husband, he alone is clothed with the right of action; if the wife is the survivor, she is entitled to bring suit. If there be neither surviving husband nor widow, the right of action is given to the children, and if there being neither husband nor widow nor children surviving it is given to the parents of the deceased."

It was entirely competent for the legislature in creating this new right of action to designate those who were to be the beneficiaries, since they thereby received something to which they were not entitled in the absence of the statute.

---

[1] Act of April 15, 1851, P. L. 669, as amended by the Acts of April 26, 1855, P. L. 309, and June 7, 1911, P. L. 678, Section 1, which provides: "The persons entitled to recover damages for any injuries causing death shall be the husband, widow, children, or parents of the deceased, and no other relatives; . . . and the sum recovered shall go to them in the proportion they would take his or her personal estate in case of intestacy, and that without liability to creditors under the laws of this Commonwealth": *Lehigh Iron Co. v. Rupp,* 100 Pa. 95, 98; *Shambach v. Middlecreek Elec. Co.,* 232 Pa. 641, 642; *Gaydos v. Domabyl,* 301 Pa. 523, 529; *Birch v. Railway,* 165 Pa. 339, 345; *Howard v. Bell Tele. Co.,* 306 Pa. 518, 520; *Kaczorowski v. Kalkosinski,* 321 Pa. 438.

[2] *Huntingdon & Broad Top R. R. Co. v. Decker,* 84 Pa. 419; *Lehigh Iron Co. v. Rupp,* supra; *Lewis v. Hunlock's Creek & Muhlenburg T'pike Co.,* 203 Pa. 511; *Shambach v. Middlecreek Elec. Co.,* supra; *Haughey v. Pitts. Rwys. Co. (No. 2),* 210 Pa. 367; *Birch v. Railway,* supra; and see Tiffany, Death by Wrongful Act (2d. ed. 1913) p. 251.

The right to maintain the action must not be confused with the right to share in the distribution of the amount recovered. Section 2 of the Act requires all the members of the named classes surviving the decedent to be mentioned in the statement of claim. The recovery by the person or persons bringing the suit is for the benefit of the whole group, and each member thereof is entitled to a distributive share under the intestate laws: *Huntingdon & Broad Top R. R. Co. v. Decker*, 84 Pa. 419; *Miller v. Penna. R. R. Co.*, 256, Pa. 142; *Shambach v. Middlecreek Elec. Co.*, 232 Pa. 641; *Haughey v. Pitts. Rwys. Co. (No. 2)*, 210 Pa. 367; *Gaydos v. Domabyl*, 301 Pa. 523. In *Shambach v. Middlecreek Elec. Co.*, supra, the court pointed out that while children would not be entitled to sue where the widow survived, they would share in the distribution of the sum recovered if their mother sued.

The death statute provides that the parties named therein shall take the sum recovered as under the intestate laws, and appellant objects that the husband is denied any share of his wife's estate where he is guilty of desertion (Act of June 7, 1917, P. L. 429). She also points out that unlawful desertion deprives him of any interest in his wife's property during her lifetime, and that our decisions also hold that if the husband is a deserter he has no right to damages for a tortious injury to her not resulting in death. See *Schmelzer v. Chester Tra. Co.*, 218 Pa. 29; *Loughrey v. Penna. R. R. Co.*, 284 Pa. 267, holding that such a husband is not a necessary party in the wife's suit for damages under the Act of May 8, 1895, P. L. 54. Appellant insists that the husband has no right to maintain this suit under all these principles.

The right to share in distribution of the sum recovered is not determinative of the right to sue, though the provision of the intestate act cited may conclude the right of the husband to the sum awarded. The solution of the problem rests solely in the construction

of the death statute to determine the intent of the legislature. In ascertaining this intent it must be remembered that the sum recovered is in no sense a part of the decedent's estate; it is compensation to designated persons for wrongful death and the statute limits the right of action to the persons named in the order named though distribution is under the intestate laws.

There is no appellate court decision in this State as to the effect of a wilful desertion on the right to substitute an action for wrongful death or whether it will disqualify the living spouse of the decedent to sue. It was held in *Kephart v. Penna. R. R. Co.*, 16 Dist. 756, in an opinion by Judge HALL, that though a wife and husband had separated the former did not forfeit her right to maintain such an action, to the exclusion of the father of the decedent. The cases in other jurisdictions are not particularly helpful because of the variety of statutes under which they are decided, and because of the conflicting opinions expressed. Some states have held under statutes similar to our law, that the desertion of the husband, or the desertion and infidelity of the wife, would preclude either of them from bringing the action and entitle the member of the group next entitled to sue: See *Lytle v. Southern Rwy.-Car. Div.*, 171 S. C. 221, 171 S. E. 42; *Indianapolis & C. Traction Co. v. Thompson*, 81 Ind. App. 498.

There are many state and federal court decisions reaching an opposite conclusion. In *Napier v. Napier*, 210 Ky. 163, a wife who had deserted her husband and lived in adultery, was held to be entitled to recovery for the wrongful death of her husband. The court pointed out that, although under the intestate law, an adulterous wife is deprived of any share in her husband's estate, this law is not applicable because the amount recovered for his death is not part of the estate. Although the wife had been unfaithful, she was held to be still his widow within the meaning of the wrongful death act. The court refused to write

into the statute an exception which the legislature had not seen fit to make. To the same effect is *Koontz v. Fleming,* 17 Tenn. App. 1, 65 S. W. (2d) 821, and see *Swift & Co. v. Johnson,* 138 Fed. 867. In *Cole v. Mayne,* 122 Fed. 836, denying the right of children to recover where an unfaithful spouse survived, it was pointed out by the court that the recovery for the children would not bar a second suit by the widow, and thus the defendant might be subjected to two actions if the formers' suit was allowed. The court said, p. 839:

"But under a statute like the one in question, giving a sole right of action to a designated person, eo nomine, to the exclusion of other designated beneficiaries, so long as the first in right under the statute is living, *no misconduct of such preferred person constitutes a disqualification to maintain the action unless imposed by the legislature which gives the right."* (Italics supplied.)

See also *Thompson v. Chicago, M. & St. P. R. Co.,* 104 Fed. 845, where it was stated: ". . . the court cannot extend the provisions of the statute which limits the recovery to the pecuniary loss sustained by the next of kin only."

Appellant relies upon the case of *Kerr v. Penna. R. R. Co.,* 169 Pa. 95, to sustain her contention, that desertion by the husband entitles her to maintain the suit. There action was brought by the mother of a deceased child, without joining its father who had wilfully deserted them. The court, pointing out that under the Act of May 4, 1855, P. L. 430, the mother was entitled to all the rights, and subject to all the duties of the deserting father as to the minor son, permitted a recovery. It was there said:

"Must the right in the party entitled be defeated because the other will not join or in his absence cannot be made a party? The loss for which a recovery is provided by the Act of 1851 is that resulting from the severance of the family relation, and that recovery

is not in all cases for the benefit of the party suing only."

It is to be noted that this case does not hold that the husband was disqualified *to sue* by reason of his desertion although he thereby deprived himself of the right to any of the earnings or property of the son. The case relates to a right of action in a class, both members of which were entitled equally under the statute to maintain it, neither's right being superior to the other's in preference, as in the present case the husband's is superior to that of the mother.

Our research has discovered no case effectively disqualifying the husband to bring an action for wrongful death, even though on recovery and distribution he would be limited to nominal damages. The trend of Pennsylvania decisions is to bar an action by those in another class while a member of a prior class is still alive. In *Lehigh Iron Co. v. Rupp,* supra, an action was brought by the parents for the death of a minor child. The deceased left a widow who had made a settlement with the tortfeasor. The court held that the right of the parents to sue did not exist while the widow still lived even though she had released her right to bring the action. In *Shambach v. Middlecreek Elec. Co.,* supra, the deceased was survived by a widow and minor children. The widow instituted an action but discontinued it and executed a release to the defendant. The children brought an action in their own names. The Superior Court held that no right of action was in the children. We affirmed this ruling on appeal Per Curiam. In *Marsh v. Railroad Co.,* 204 Pa. 229, the suit was brought by the guardian of a minor daughter of the decedent. The widow had refused to prosecute the claim and there was evidence that she had attempted to assign her rights to the guardian. We held that the action was not assignable, and the right to sue was in the widow alone. Her failure to avail herself of it barred the child's suit. In *Di Paolo v.*

*Laquin Lumber Co.,* 178 Fed. 877, citing with approval *Shambach v. Middlecreek Elec. Co.,* supra, decedent was survived by a widow and minor children residing in Italy, subjects of the Italian Crown, and by one minor child living with him in Pennsylvania. The action was brought by the mother as guardian of the minor child domiciled in this State. The Pennsylvania cases decided previously had held that aliens could not recover in their own right under the Act of 1855. The court denied the right of recovery saying at pp. 878, 879:

"And, where the widow is disqualified, there is apparently no provision for suit being prosecuted by others . . . The right to compensation for the death of a person rises no higher than that of the one who is authorized to sue for it; and, the right to sue being given by statute to the widow who is living, no other is qualified. The children have no interest except in the damages which she recovers, and only after she has recovered them. There is no severable share which entitles either of them by himself, as here, to a direct and separate cause of action."

There is, however, a feature of the present situation which distinguishes it from previous cases. The husband by his desertion (as the case comes up on demurrer to a statement of claim alleging desertion, we must take it to be a fact) has disqualified himself, not from the bringing of suit, but as a member of the class having a beneficial interest in the proceeds. The basis of recovery under the statute is the family relation, its purpose being to reimburse the family for their loss. The deserting husband is no longer a member of the family group, having by his voluntary act severed the family relation. He has no loss himself and therefore is entitled to no beneficial recovery.

In all previous cases the person having the superior right to sue also had an interest in the proceeds of the recovery; the disqualification was of the right to bring suit *(Di Paolo v. Laquin Lumber Co.,* supra), or there

was a voluntary refusal to do so *(Marsh v. Railroad Company,* supra) ; in no case had the beneficial interest itself been lost.

The statute, which enumerated the persons entitled to sue, appointed them to represent the family. The plaintiff does not sue for himself alone but as a representative or trustee for those beneficially entitled. If the husband in the present case were to sue he would do so as a mere nominal plaintiff acting only for the benefit of others.

It would seem just and proper that, when a prior class has no beneficial interest in the proceeds of the recovery, but retains only the nominal right to sue and does not exercise such right, those who are beneficially entitled should not be barred thereby from prosecuting their claim. A proper procedure would be to allow them to use, as plaintiff, the name of the person entitled to bring the suit. The bringing of suit by a person having the real interest in the name of a legal plaintiff who no longer has such an interest is not unfamiliar practice in Pennsylvania, nor has a defendant ever been allowed to question the relations between the legal and the real plaintiff.

Since the suit in the present case will, under such procedure, be in the name of the decedent's husband, the defendant may interpose any defenses which he would have as against the husband as plaintiff. If, for example, it be true, as suggested by defendant, that a settlement has been made in good faith with the husband, that fact could be shown as constituting a defense to the action. The defendant will thus be in all respects in the same position as if the husband had brought suit voluntarily in his own name. If there be a recovery the proceeds can be paid into court and equitable distribution made among those entitled. This will enable the husband, for example, to establish, if it be a fact, that he did not desert his wife, and that, therefore, he is entitled to share in the proceeds. Such

procedure would fulfill the function of the bill in equity utilized in *Allison v. Powers,* 179 Pa. 531.

The judgment of the court below is reversed, with leave to plaintiff to amend by substituting the name of the husband, Robert W. Moss, as plaintiff, without prejudice to defendant appellee's right to submit the statute of limitations as a defense if it be such.