## Slonecker et al. v. Wineman Coal & Coke Co.

352

*Harry E. Cope*, for plaintiffs.
*Scales, Loughran & Shaw*, for defendant.

McWHERTER, J., March 27, 1942.—Plaintiffs filed an action in trespass for the wrongful death of their minor son aged nine years. The action was brought more than six months and less than one year from the date of death.

Defendants filed an affidavit of defense raising questions of law, asserting that the action was not brought by the personal representative of decedent or by any person as trustee ad litem on behalf of all persons entitled to share in the damages contrary to Rule 2202(*b*) of the Pennsylvania Rules of Civil Procedure. On January 2, 1942, a decree was entered overruling defendants' demurrer in the following terms:

"And now, January 2nd, 1942, after argument by counsel and upon careful consideration, it is ordered, adjudged and decreed that defendants' affidavit of defense raising questions of law is hereby overruled;

and that defendant be permitted to file a supplemental affidavit of defense to plaintiffs' statement of claim within the time prescribed by law."

To this decree defendants filed exceptions which are now before the court for disposal. The seventh paragraph of the statement of claim reads as follows:

"Seventh: The plaintiffs aver that at about four o'clock, p. m., on the said 21st day of September, A. D. 1940, the said Leroy Wineman driving the truck belonging to the said Lena Wineman, and engaged in the business of the Wineman Coal and Coke Company, did then and there drive the said truck over and upon the body of Jack Slonecker, the minor son of the plaintiffs, (of the age of nine years on September 13, 1940), causing injuries to the said Jack Slonecker, as a result of which he died in the Mount Pleasant Hospital, on the same day, at about 5:55 o'clock, p. m."

While it is true that as to form plaintiffs are not named in exact conformity with the provisions of Pa. R. C. P. 2202(*b*), nevertheless, plaintiffs being the parents of the minor child, aged nine years, are and would be all the persons entitled to share in damages by reason of the wrongful death of the child. The objection appears to be that the action should have been brought by them or one of them as trustees ad litem for themselves. The note under Rule 2202(*b*) reads as follows: "*Note:* This provision eliminates the objectionable feature of the prior law under which the person who alone was entitled to sue under the statute could delay bringing the action until the statute of limitations barred the action and this bar would be effective against all other members of the beneficially interested class. See *dicta* in Marsh v. Western, N. Y. & Pa. Rwy., 204 Pa. 229 (1903) and McFadden v. May, 325 Pa. 145 (1937). Under these rules, the personal representative may bring suit at any time before or after the six months period has expired and before the statute of limitations has barred the cause

of action except that after the six months period he cannot do so if a person entitled to share in the damages has brought an action. In other words, during the first six months only the personal representative may sue; during the next six months either the representative or any person entitled to share in the damages may sue but the action which is first brought bars the institution of any other action."

To sustain the demurrer would be to defeat the very purpose for which the rule was made by the Supreme Court. We believe that the common pleas courts should so construe the rule as to give efficacy to the purpose of the Supreme Court rather than by highly technical construction defeat the purpose of the rule.

In Pennsylvania amendments are allowed with great liberality at any stage of the case unless they violate the law, as by introducing a new cause of action after the statute of limitations has run or prejudicing the rights of the opposing parties. The right to amend is liberally construed or otherwise justice would be defeated through a mere mistake as to the form of the action: Miners Savings Bank of Pittston v. Naylor et al., 342 Pa. 273.

Mr. Justice Kephart, in 1924, in the case of Goldberg v. Friedrich, 279 Pa. 572, in discussing liberality of amendments, at page 576, proceeded as follows:

"The tests to be applied when the question presented is whether an amended statement presents a new and different cause of action are, would a judgment bar any further action on either, does the same measure of damages support both, is the same defense open in each, and is the same measure of proof required? The original statement placed the claim in a class governed by certain laws, and, whether statutory or common, it was not incumbent on plaintiff to further plead the particular law violated. It was necessary to set forth a justiciable cause of action sufficient to put defendant on notice."

If plaintiff is permitted to amend so that the cap-

tion of the case conforms with rule 2202(b) no harm will be done to anyone. The same measure of damages would apply, plaintiffs would be the same except for the manner in which they would be named, the same defense would be open to defendants on the merits of the case, and the same measure of proof would be required from each party.

We believe that the ends of justice would be served by permitting the parties to rectify the record by amendment so that the case may be heard on its merits. From the present state of the record we believe the ends of justice and, as above stated, the very purpose of the pertinent rule and the very intention of the Supreme Court, would be defeated if the demurrer were sustained.

Defendants rely on the opinion and decree of Judge Davison, of Franklin County, in Higdon v. Hartman et al., 42 D. & C. 251, where under somewhat similar circumstances a decree was made quashing a summons in trespass without prejudice to the right of plaintiff to bring another action, the statute of limitations in that case not having run. We are not inclined to follow the strict enforcement of the pertinent rule set forth in the Franklin County decision.

Rule 2204 has not been strictly complied with, in that the names and last known residence addresses of all persons entitled by law to recover damages, their relationship to the decedent, etc., have not been set forth in the statement of claim  This matter has not been raised and need not be passed on. A nine-year-old boy is not likely to have children or a wife, so that for all intents and purposes the statement indicates that plaintiffs are the only persons entitled to recover damages for the wrongful death of their child. It might have been better had plaintiffs complied with rule 2204 in the statement of claim.

We are convinced that plaintiffs should be given an opportunity to amend and conform to Pa. R. C. P.

2202(*b*), above referred to, and that defendants in turn should be given an opportunity to file any answer they desire to the statement of claim as filed or as amended.

## Decree

And now, March 27, 1942, after argument by counsel and after careful consideration—all available judges concurring—it is ordered, adjudged and decreed that the decree of the court entered January 2, 1942, be and the same is hereby affirmed; that the exceptions thereto be and the same are hereby overruled and dismissed; with leave to the plaintiffs to file an amended statement of claim and leave to the defendants to file a supplemental affidavit of defense to the plaintiffs' statement of claim or any amendment thereto within the time prescribed by law.