## Kemmerer et al. v. Reading Company

*Gernerd, Helwig & Gernerd*, for plaintiffs.
*Butz, Steckel, Hudders & Rupp*, for defendants.

HENNINGER, P. J., June 1, 1948.—Norman Kemmerer, father of minor plaintiffs, was killed on October 27, 1942, in a collision between defendant's train and the automobile in which decedent was a passenger. Decedent at the time of his death and for many years prior thereto was married to Gertrude Kemmerer from whom he had been separated for over seven years prior to his death.

Verna Irene Blose, wife of Eugene Blose, is the mother of two children, of whom decedent was the natural father, viz., Dolores Bessie Kemmerer, born September 22, 1937, and Kenneth Melvin Kemmerer, born June 7, 1942.

Preston Kemmerer, decedent's brother, on October 25, 1943, instituted an action against defendant on behalf of decedent's lawful children, Harold F. Kemmerer and Theresa C. Kemmerer. On February 16, 1948, the mother of decedent's illegitimate children, petitioned this court to include her children by decedent as parties plaintiff and to permit amendment of the statement of claim accordingly. Defendant is objecting to their being added as parties plaintiff. Original plaintiffs have not indicated any opposition to the joinder, but since they are minors, we are bound nevertheless to protect their interests.

It is to be noted that under Pa. R. C. P. 2202(*b*) the person bringing an action more than six months after decedent's death becomes trustee ad litem on

behalf of all persons entitled to share in the damages and under 2202 (c) that only one action can be brought.

Passing the question of the statute of limitations (Usner v. Duersmith, 346 Pa. 494, 496; Gentile v. Philadelphia & Reading Ry., 274 Pa. 335, 340) there are two insurmountable objections to the joinder of these illegitimate children; first, they are, in the sight of the law, "filii nullius" and hence not children of decedent, and secondly, since any verdict is to go to plaintiff in the proportion they would take decedent's personal estate and since they would take nothing, they have no interest in the action.

If authority is needed for the above hornbook propositions, it is to be found in Molz v. Hansell et al., 115 Pa. Superior Ct. 338, a workmen's compensation case, in which, however, the rights of illegitimate children under the Acts of April 15, 1851, P. L. 669, sec. 19, 12 PS §1601, and of April 26, 1855, P. L. 309, sec. 1, as amended by the Act of June 7, 1911, P. L. 678, 12 PS §1602, were considered. The court there held (p. 340) :

"By widow is meant lawful widow, and by children is meant legitimate children. Neither Madeline K. Flinn (mother of the illegitimate children) nor her children would take any of Thomas R. Flinn's personal estate, in case of his death intestate."

The cases cited by petitioner are not in point. It is true that to recover damages under the Death Acts, there must be a family relationship (Penna. R. R. v. Adams 55 Pa. 499; Lewis v. Turnpike Co., 203 Pa. 511, 514) and a pecuniary loss by reason of the death (Penna. R. R. v. Vandever, 36 Pa. 298, 304; Caldwell v. Brown, 53 Pa. 453, 457; Gaydos et al. v. Domabyl, 301 Pa. 523, 530) but these are elements that must be present in addition to the relationship specified in the acts and not as a substitute therefor.

It must be remembered that at common law there was no right on the part of survivors to sue for their father's or husband's death and they must now take

the privilege upon the terms granted by the legislature (McFadden v. May, 325 Pa. 145, 147) and one of these terms is that the parties must be lawful children or a lawful widow.

Petitioners have found no cases which give illegitimate children any right to recover in a death action and we believe there are none such. Molz v. Hansell, supra, is definitely to the contrary and rules this case.