J-A05033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: THE ESTATE OF CHALES L. SMALL, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: JUANITA SMALL, ADMINISTRATRIX | : | |
| | : | |
| | : | |
| | : | No. 3171 EDA 2022 |

Appeal from the Amended Decree Entered May 20, 2022
In the Court of Common Pleas of Philadelphia County Orphans' Court at
No(s):  617DE-2017

BEFORE:  DUBOW, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.:                         **FILED MARCH 25, 2024**

Juanita Small ("Small"), Administratrix of the Estate of Charles L. Small, deceased ("the Estate"), appeals from the amended decree which sustained certain objections to the Estate accounting and surcharged Small for one-half of the Estate assets.  We affirm.

Small is the mother of Charles L. Small ("the decedent").  Laverne J. Dollard ("Dollard") is the father of the decedent.  The decedent was eighteen years old when he sustained gunshot wounds, rendering him a paraplegic.  In July 2013, the decedent passed away at age thirty-seven, allegedly due to an overdose of pain medication while an inpatient at Mercy Fitzgerald Hospital. The decedent died intestate without a spouse or issue, and Small was appointed Administratrix of his Estate.  In December 2013, the Estate recovered $2,154 for the settlement of a claim asserted against Southeastern Pennsylvania Transportation Authority ("SEPTA").  In June 2014, in her

capacity as Administratrix, Small filed an Estate inventory with the Register of Wills which reflected that the $2,154 in settlement proceeds received from SEPTA was an asset of the Estate. **See** Inventory, 6/17/14, at 1-2.

The Estate subsequently commenced a medical malpractice action against the hospital in the Delaware County Court of Common Pleas asserting, *inter alia*, a claim for wrongful death. The Estate ultimately recovered $90,000 in settlement of the medical malpractice action. On April 17, 2017, the Delaware County Court of Common Pleas entered an order, with consent of all counsel on the record, directing that the settlement amount be allocated solely to the wrongful death claim. **See** Order, 4/17/17, at 1. The order further directed that, after costs and counsel fees were deducted from the total settlement amount, the remaining $48,144.92 was awarded to "Small, Administratrix of the Estate." **Id**. at 2; **see also id**. (awarding the settlement funds "to the Administratrix on behalf of the Estate"). Finally, the order provided that "jurisdiction over the distribution of the [settlement] funds awarded to the Estate shall be determined by the orphans' court . . .." **Id**. (unnecessary capitalization omitted).

In the orphans' court, Small filed a petition for forfeiture of estate, seeking a ruling that, pursuant to 20 Pa.C.S.A. § 2106,[1] Dollard forfeited his

---

[1] Section 2106(b) of the Probate, Estates, and Fiduciaries Code ("the PEF Code"), 20 Pa.C.S.A. §§ 101-8815, provides that any parent who failed to perform the duty of support to a dependent child for one year prior to the
*(Footnote Continued Next Page)*

share of the Estate by failing to perform his duty of support to the decedent prior to his death. The orphans' court determined that Small failed to demonstrate that the decedent was a dependent child—and, concomitantly, that Dollard had a duty of care—as required to obtain the requested forfeiture relief under section 2106(b). ***See*** Decree, 2/28/18, at 1. On this basis, the orphans' court directed that all Estate funds were to be distributed equally to Small and Dollard, as the surviving parents of the decedent. ***See id***.; ***see also*** 20 Pa.C.S.A. § 2103(2) (providing that when an intestate decedent dies without a spouse or issue, but has living parents, the parents are entitled to inherit the decedent's estate).

Small appealed the orphans' court decree on the basis that she was entitled to a ruling that Dollard forfeited his share of the Estate. This Court affirmed the orphans' court decree. ***See In re Estate of Small***, 209 A.3d 533 (Pa. Super. 2019) (unpublished memorandum). Small then sought and was granted review by our Supreme Court, which affirmed this Court's decision. ***See Estate of Small v. Small***, 234 A.3d 657 (Pa. 2020).

At some point after the entry of the April 17, 2017 order and prior to our Supreme Court's ruling in July 2020, Small's counsel issued a check to Small, in her individual capacity and not in her capacity as Administratrix of

_____

dependent child's death shall have no right or interest in the dependent child's estate. ***See*** 20 Pa.C.S.A. § 2106(b).

the Estate, for the amount of $48,144.92, representing the settlement proceeds for the wrongful death claim.

In September 2020, Dollard filed a petition for accounting, distribution, sanctions, and removal of Small as Administratrix of the Estate. The orphans' court ordered Small to file an accounting for the Estate. Small thereafter filed an account for the Estate reflecting her actions as Administratrix for the period of July 2013 through December 2021 ("the Account"). The Account reflected that the Estate had received no assets and made no distributions. **See** First and Final Account of Juanita Small, Administratrix, 12/1/21, at 1-13. Dollard filed several objections to the Account. At the discovery deposition of Small, her counsel objected to several questions and directed Small not to answer them. **See**, **generally**, N.T. Deposition of Juanita Small, 12/14/21. Dollard thereafter filed a motion to strike the objections and instructions not to answer questions, and to compel the completion of Small's deposition. The orphans' court granted the motion and ordered Small to appear for a further deposition within ten days. **See** Decree, 3/29/22.[2] In a further deposition, Small testified that she spent the entirety of the $2,154 in SEPTA settlement proceeds listed on the Estate inventory. **See** N.T. Deposition of Juanita Small, 5/16/22, at 17-18. Small additionally testified that the check in the amount

_____

[2] Dollard also filed a motion to compel Small to produce certain documents and a motion to find Small in contempt of court. The orphans' court entered two additional orders on March 29, 2022, denying these motions.

of $48,144.92 that she received from her counsel, representing the award of the wrongful death settlement proceeds, was made payable to "Juanita Small," with no other name(s) or language on the check. *Id*. at 15. Finally, Small testified that she spent the entirety of the wrongful death settlement amount. *Id*. at 14.

The matter proceeded to a trial on Dollard's objections. On May 19, 2022, the orphans' court entered a decree and adjudication. On May 20, 2022, the court entered an amended decree, which: (1) surcharged Small in the amount of $24,072.46, representing one-half of the wrongful death settlement proceeds paid to her in her individual capacity rather in her capacity as Administratrix of the Estate, in contravention of the April 17, 2017 order; and (2) surcharged Small in the amount of $1,077, representing one-half of the settlement proceeds received by the Estate from SEPTA. Small filed a timely notice of appeal and both she and the orphans' court complied with Pa.R.A.P. 1925.

Small raises the following issues for our review:

1. Did the orphan's [*sic*] court . . . err in its interpretation of the order of April 17, 2017 of the Court of Common Pleas of Delaware County.

2. Did the orphan's [*sic*] court . . . err in hearing [Dollard's] objections regarding the settlement proceeds of [the medical malpractice action] because it lacked jurisdiction over wrongful death proceeds and improperly denied [Smalls'] motion to dismiss on those grounds.

3. Did the orphan's [*sic*] court . . . err in its exercise of jurisdiction pursuant to [20] Pa.C.S.[A. §] 711.

- 5 -

4. Did the orphan's [*sic*] court . . . err in its ruling how the settlement proceeds from [the medical malpractice action] should have been and/or were distributed and subject to any tax implications.

5. Did the orphan's [*sic*] court . . . err in hearing [Dollard's] objections regarding an alleged settlement of a SEPTA case because there was insufficient evidence of the amount, type and source of proceeds.

6. Did the orphan's [*sic*] court . . . err in its findings regarding the SEPTA settlement proceeds as against the weight of the evidence regarding the amount, type[,] and distribution of the proceeds.

7. Did the orphan's [*sic*] court . . . err in accepting evidence from discovery depositions and pre[]trial rulings on motions to compel which it had previously denied.

Small's Brief at 5 (issues reordered for ease of disposition, unnecessary capitalization and quotation marks omitted).[3]

Our standard of review of an orphans' court decree is well-settled:

When reviewing a decree entered by the orphans' court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the orphans' court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion.

_____

[3] We note that, although Small raised seven questions for our review, she omitted any reference to her sixth question in the discussion section of her brief. Accordingly, we deem her sixth question waived. **See Kaur v. Singh**, 259 A.3d 505, 511 (Pa. Super. 2021) (holding that any question raised in the statement of questions presented but not supported by discussion and analysis of pertinent authority in the brief may be waived for lack of development); **see also** Pa.R.A.P. 2119(a) (providing that the argument section of an appellate brief "shall be divided into as many parts as there are questions to be argued . . . followed by such discussion and citation of authorities as are deemed pertinent").

> However, we are not constrained to give the same deference to any resulting legal conclusions. Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.

*Estate of Fuller*, 87 A.3d 330, 333 (Pa. Super. 2014) (citation and unnecessary capitalization omitted).

In her first issue, Small argues that the orphans' court misinterpreted the April 17, 2017 order entered by the Delaware County Court of Common Pleas. When interpreting another court's order, a court is bound by the words of the order itself, supplemented, if at all, only by statements or documents of record at the time the order was made. *See Commonwealth v. Brennan*, 195 A.2d 150, 151 (Pa. Super. 1963).

Although Small concedes that she commenced the medical malpractice action in her capacity as Administratrix of the Estate and that the April 17, 2017 order awarded the settlement amount to "Juanita Small, Administratrix," she nevertheless contends that this language does not mean that the wrongful death proceeds became a part of the Estate. Small's Brief at 19. Small insists that "[t]he mere fact that the named plaintiff is an administrator of an estate does not mean that all proceeds are the property of the estate and subject to jurisdiction of the orphans' court." *Id*. (unnecessary capitalization omitted). Small additionally argues that the statements made by the Delaware County Court of Common Pleas in the April 17, 2017 order concerning the orphans' court relate solely to the role of the orphans' court in determining whether

Dollard forfeited his parental rights under the forfeiture statute, and not to the distribution of the wrongful death settlement proceeds.

The orphans' court considered Small's first issue and determined that it lacked merit. The court reasoned:

> . . . [T]he April 17, 2017 order of the . . . Delaware County Court [of Common Pleas] . . . addresses approval of the settlement[ of the medical malpractice action] which took place before said court and specifically, . . . the order states, "Wrongful Death Claim: To: Juanita Small, Administratrix of the Estate of Charles L. Small" and the amount listed is, "$48,144.92." The order further states as follows:
>
> > The funds awarded . . . above are awarded to the Administratrix on behalf of the Estate and shall not constitute a determination as to the dependency of Charles L. Small nor the determination of any share due to either parent pursuant to 20 Pa.C.S.A. § 2106.
> >
> > As the decedent was a resident of Philadelphia, and the Estate has been opened in Philadelphia, jurisdiction over the distribution of the funds awarded to the Estate shall be determined by the orphan[s'] court of the Philadelphia County Court of Common Pleas upon petition, not by this court.
>
> [Order, 4/17/17, at 2.]
>
> Thus, first and foremost, this Delaware County court order dated April 17, 2017 confirms the funds in the Estate of Charles L. Small, the source of these funds, and to who they were ordered to be paid to. Then, not only did the Honorable Christine Fizzano-Cannon of the Delaware County Court [of Common Pleas] acknowledge the proper location for any determination regarding distribution of funds, she resolved any question of the remaining issue this court would be deciding. The issue before this court is only distribution of the funds in the Estate.
>
> * * * *
>
> As this matter has been ongoing for numerous years, counsel was well[-]aware of the contentious nature of any funds

- 8 -

involved in the Estate. To directly proceed in distributing funds of the Estate prior to the resolution of any litigation involving said funds is in direct contradiction to the specific language of the court order of April 17, 2017 from Delaware County. There is no other possible or probable "interpretation" of said order, other than what has previously been determined and thus, this court has not committed any error in its prior rulings regarding the the [*sic*] court order of April 17, 2017[,] from Delaware County.

Orphans' Court Opinion, 8/11/23, at 14-16 (unnecessary capitalization omitted).

Based on our review, we discern no error by the orphans' court in its interpretation of the April 17, 2017 order. The order specifically indicated that its contents and directives were made "pursuant to the agreement of counsel on the record." Order, 4/17/17, at 1. The order allocated $48,144.92 of the settlement amount to the wrongful death claim, and further provided that this amount was awarded to "Juanita Small, **Administratrix of the Estate** of Charles L. Small." ***Id***. at 2 (emphasis added). The order further indicated that the settlement amounts allocated to the wrongful death claim "are ***awarded to the Administratrix on behalf of the Estate*** . . .." ***Id***. (emphasis added). Finally, the order directed that "***jurisdiction over the distribution of the funds awarded to the Estate shall be determined by the orphans' court*** of the Philadelphia County Court of Common Pleas . . .." ***Id***. (unnecessary capitalization omitted, emphasis added).

The language of the order was clear, precise, and left no room for misinterpretation. Moreover, given that the directives included in the April 17, 2017 order were agreed to by Small's counsel on the record, the orphans'

court was entitled to conclude that Small agreed that the settlement amounts allocated to the wrongful death claim were: (1) awarded to the Estate, and not to Small in her individual capacity; and (2) subject to the jurisdiction of— and to be distributed by—the orphans' court. That Judge Fizzano-Cannon refrained from making any determination as to the dependency of the decedent or whether Dollard was subject to forfeiture does not detract from the indisputable fact that the order specifically directed that the wrongful death settlement amounts were awarded to the Estate and subject to the jurisdiction of the orphans' court for purposes of disbursement. Accordingly, as we discern no error by the orphans' court in its interpretation of the April 17, 2017 order, Small's first issue merits no relief.

In her second and third issues, Small challenges the orphans' court's exercise of jurisdiction over the wrongful death settlement proceeds. The assessment of whether a court has subject matter jurisdiction presents an inquiry into the competency of the court to determine controversies of the general class to which the case presented for consideration belongs. **See Assouline v. Reynolds**, 219 A.3d 1131, 1137 (Pa. 2019). Because this inquiry presents a pure question of law, our standard of review is *de novo*, and our scope of review is plenary. **See id**.; **see also In re Estate of Ciuccarelli**, 81 A.3d 953, 958 (Pa. Super. 2013) (holding that our standard of review of an orphans' court's exercise of subject matter jurisdiction is *de novo* and our scope of review is plenary).

- 10 -

Pursuant to the PEF Code, the orphans' court has mandatory and exclusive jurisdiction over certain matters. In this regard, the PEF Code provides:

Except as provided in section 712 (relating to nonmandatory exercise of jurisdiction through the orphans' court division) and section 713 (relating to special provisions for Philadelphia County), the jurisdiction of the court of common pleas over the following shall be exercised through its orphans' court division:

***(1) Decedents' estates. -*** The administration and distribution of the real and personal property of decedents' estates . . ..

* * * *

***(12) Fiduciaries. -*** The appointment, control, settlement of the accounts of, removal and discharge of . . . all fiduciaries of estates . . ..

* * * *

***(17) Title to personal property. -*** The adjudication of the title to personal property in the possession of the personal representative, or registered in the name of the decedent or his nominee, or alleged by the personal representative to have been in the possession of the decedent at the time of his death.

20 Pa.C.S.A. § 711(1), (12), (17).

Small argues that the orphans' court had no jurisdiction over the wrongful death settlement proceeds. Small claims that the orphans' court failed to address established legal precedent holding that damages recovered in a wrongful death action are not part of a decedent's estate. ***See*** Small's Brief at 12 (citing, *inter alia*, ***In re Pozzuolo's Estate***, 249 A.2d 540 (Pa. 1969); ***Frazier v. Oil Chemical Co***, 179 A.2d 202 (Pa. 1962); and ***McFadden v. May***, 189 A. 483 (Pa. 1937)). Small maintains that, by its plain language,

section 711(17) only provides the orphans' court with jurisdiction over property in the possession of a decedent at the time of death. Small contends that section 711(17) does not confer jurisdiction over the subject wrongful death settlement proceeds to the orphans' court because those proceeds were from a lawsuit which arose from and followed the decedent's death. Small asserts that, because the wrongful death settlement proceeds were not in the decedent's possession at the time of his death, the orphans' court lacked jurisdiction over those proceeds.

The orphans' court considered Small's second and third issues and determined that they lacked merit. The court reasoned:

> The orphans' court has long-standing jurisdiction pursuant to [section] 711, regarding the handling and disposition of decedents' estates. This court has mandatory jurisdiction over the settlement funds in the possession of the administrator of the Estate. The specific provision in the [April 17, 2017] court order directing that the control of the settlement funds was to rest with the orphans' court of Philadelphia County was pursuant to [section] 711(17) . . ..
>
> * * * *
>
> This statute grants jurisdiction over the settlement funds awarded to the Administrator of the Estate to the orphans' court of Philadelphia County. The issue before this court to be resolved was how the funds were distributed by . . . Small and whether there was a failure to preserve the funds until this court would determine the share due to the heirs of the Estate.

Orphans' Court Opinion, 8/11/23, at 12-13 (unnecessary capitalization omitted).

Based on our review, we conclude that the orphans' court exercise of jurisdiction over the wrongful death settlement proceeds was proper. Contrary to Small's assertion otherwise, section 711(17) does not limit the orphans' court's jurisdiction to property in the possession of a decedent at the time of death. Instead, as set forth above, section 711(17) additionally provides the orphans' court division of the court of common pleas with mandatory and exclusive jurisdiction over the adjudication of the title to personal property in the possession of the personal representative or registered in the name of the decedent or his nominee. **See** 20 Pa.C.S.A. § 711(17); **see also** Small's Brief at 17 (quoting the full text of section 711(17)). Because the wrongful death settlement proceeds were awarded to Small as Administratrix of the Estate, she had both the title to and possession of those proceeds. Accordingly, the orphans' court properly exercised its jurisdiction over the wrongful death settlement proceeds, which were assets of the Estate.[4]

_____

[4] Small's reliance on **Pozzuolo's Estate**, **Frazier**, and **McFadden** is misplaced, as those cases considered the jurisdiction of the orphans' courts prior to the 1968 amendments to our Constitution which abolished both the orphans' courts and the courts of common pleas, which had previously existed as separate tribunals with separate jurisdiction and functions. The amendments replaced both courts with a broader type of court, known as the court of common pleas. Under the reconstituted court of common pleas, the separate orphans' courts became orphans' court divisions of the courts of common pleas, and the jurisdiction and functions formerly exercised by separate orphans' courts were exercised by the amalgamated court of common pleas only through the orphans' court division of the court of common

*(Footnote Continued Next Page)*

- 13 -

Moreover, pursuant to section 711(12), the orphans' court had mandatory and exclusive jurisdiction over Dollard's petition for accounting, sanctions, and removal of Small as Administratrix of the Estate. *See* 20 Pa.C.S.A. § 711(12); *see also Estate of Ciuccarelli*, 81 A.3d at 958 (holding that, in addition to the administration and distribution of decedents' estates, the orphans' court has exclusive jurisdiction of the control of estate fiduciaries and of the settlement of their accounts). Consequently, as the orphans' court properly exercised jurisdiction over the wrongful death settlement proceeds, and matters related to the administration of those Estate assets, Small's second and third issues merit no relief.

In her fourth issue, Small challenges the orphans' court's distribution of Estate assets. Pursuant to the PEF Code, where the decedent dies intestate, the manner in which a decedent's estate is to be distributed is governed by section 2101(a), which provides: "[a]ll or any part of the estate of a decedent not effectively disposed of by will or otherwise passes to his heirs as prescribed in this chapter . . .." 20 Pa.C.S.A. § 2101(a). Additionally, as explained above, where an intestate decedent dies without a spouse or issue but has living parents, the parents are entitled to inherit the decedent's estate. *See id*. § 2103(2). In such circumstances, the living parents are entitled to inherit the

---

pleas. *See Eberhardt v. Ovens*, 259 A.2d 683, 685 (Pa. 1969) (concurring opinion by Jones, J.).

decedent's estate as tenants by the entirety. ***See Estate of Small***, 234 A.3d at 659.

Small maintains that the orphans' court should not have made any determination as to how the settlement funds should be distributed, and "incorrectly refers to the funds as 'Estate' funds (which they are not . . .)." Small's Brief at 20 (unnecessary capitalization omitted). Small claims that the April 17, 2017 order provided that the wrongful death settlement proceeds were to be distributed to her, and questions how the orphans' court could have ruled that any funds should be distributed to Dollard. Small insists that "any issue with that distribution is not for the orphans' court and any and all rulings in this regard dealing with who is entitled to funds . . . is beyond the jurisdiction of the orphans' court." ***Id***. (unnecessary capitalization omitted).[5]

The orphans' court considered Small's fourth issue and determined that it lacked merit. The court reasoned:

> As it was determined that the father, . . . Dollard, had not forfeited his share of the Estate . . ., the distribution of the Estate was the only remaining issue. Thus, at the time of filing of the petition which began the instant action, the contested issue was distribution of the Estate proceeds and therefore, this court ordered an account be filed by . . . Small, the mother, to determine whether and how the funds were distributed.
>
> The manner in which a decedent's estate is to be distributed where the decedent dies intestate is governed by Chapter 21 of

---

[5] Small additionally purported to challenge the orphans' court's distribution in relation to tax implications. However, Small's brief is devoid of any discussion regarding tax implications related to the distribution. Accordingly, Small has abandoned the issue.

- 15 -

the [PEF] Code . . .. **See** 20 Pa. C.S. § 2101(a). As is the case in the instant matter, where an intestate decedent dies without a spouse or issue but with living parents, his or her parents are entitled to inherit the individual's estate as tenants by the entirety. **See id**. § 2103(2).

\* \* \* \*

. . . The funds were to be paid "to the Administratrix on behalf of the Estate." Rather, at some time during the ongoing litigation, between May 9, 2017 and July 21, 2020, counsel for . . . Small paid the funds to the Administratrix in her individual capacity. Despite the agreement of counsel, the court order confirming such, and with the full knowledge and complicity of counsel, the court order dated April 17, 2017 was ignored and all of the funds in possession of the Administratrix were distributed in full, directly to . . . Small, by way of a single check written out to the recipient, "Juanita Small."

If counsel for . . . Small was going to properly issue checks, counsel should have, in their fiduciary capacity, issued two separate checks: one check to . . . Small in the amount of $24,072.46 and a second check to . . . Dollard in the amount of $24,072.46, or, in the alternative, counsel could have retained the settlement funds until the rendering of a decision in the matter pending before this court.

Orphans' Court Opinion, 8/11/23, at 11, 15-16 (unnecessary capitalization omitted).

Based on our review, we discern no error by the orphans' court in entering its rulings concerning the distribution of the Estate assets. As explained above, the orphans' court has mandatory and exclusive jurisdiction over the distribution of Estate assets, including those within the possession of the Administratrix, and acted within its jurisdiction to determine how those assets should be distributed. **See** 20 Pa.C.S.A. § 711(1), (17). Moreover, given that the decedent died intestate without a spouse or issue, both Small

and Dollard, as the decedent's living parents, were entitled to inherit the decedent's Estate as tenants by the entirety. *See id*. § 2103(2); *see also Estate of Small*, 234 A.3d at 659. As the orphans' court's distribution determinations are amply supported by the record, Small's fourth issue merits no relief.

In her fifth issue, Small contends that the orphans' court erred in making any ruling regarding the "alleged" SEPTA settlement funds. Small's Brief at 21. Small claims that the Estate inventory dates back ten years and does not identify a SEPTA lawsuit or SEPTA settlement funds, nor whether any such settlement funds were approved by the court as a survival claim or a wrongful death claim. While Small concedes that she testified at her deposition that she spent the settlement proceeds received from SEPTA, she nevertheless claims that there was no evidence as to when or how she spent the proceeds, or whether such proceeds were spent for the benefit of the decedent prior to his death. According to Small, the evidence concerning the SEPTA settlement proceeds was lacking and the court's ruling was unjustified.

The orphans' court considered Small's fifth issue and determined that it lacked merit. The court reasoned:

> In this court's amended decree dated May 20, 2022[,] and adjudication dated May 19, 2022, . . . Small, was surcharged in the amount of $1,077.00 as this amount represents one half of the survival proceeds from a settlement with [SEPTA].

* * * *

On multiple occasions throughout testimony at trial, . . . Small, testified as to the amount, type, and source of proceeds from the "SEPTA" case and how she distributed it to herself and spent the distribution. As the specific amount the Estate should have received was presented at trial ($2,154.00) and as the beneficiaries under intestate succession were each entitled to 50% of the Estate, the court had sufficient evidence to order a surcharge for half the amount of the survival proceeds from a settlement with [SEPTA] ($1,077.00).

Here, this court cannot find that [Small] exercised "common prudence, common skill, and common caution" and good faith by spending the entirety of the funds from the settlement of a "SEPTA" case. [Small] failed to take custody of the [E]state and administer it in such a way as to preserve the property for distribution in distributing the funds to herself and spending them without further court direction or approval when there was another heir to the Estate and pending litigation. Thus, surcharge is the appropriate penalty here to compensate the other beneficiary, . . . Dollard, for the loss caused by the fiduciary, [Small], as this beneficiary was entitled to half of the proceeds from the "SEPTA" case under intestate succession.

Orphans' Court Opinion, 8/11/23, at 17, 19-20 (unnecessary capitalization omitted).

Based on our review, we discern no error by the orphans' court in entering its rulings concerning the SEPTA settlement proceeds. Contrary to Small's assertions otherwise, she filed an Estate inventory in 2014 which listed the SEPTA settlement proceeds as an asset of the Estate. *See* Inventory, 6/17/14, at 1-13. Thus, Small *herself* designated the SEPTA settlement proceeds as an asset of the Estate. Moreover, to the extent that Small suggests that she spent the SEPTA settlement proceeds on the decedent sometime after she filed the inventory in June 17, 2014, she simply could not have done so, as the decedent had been deceased for approximately one year

- 18 -

at that point in time. Instead, the record reflects that after the decedent died and Small designated the SEPTA settlement proceeds as an asset of the Estate, she spent the entirety of those proceeds. *See* N.T. Deposition of Juanita Small, 5/16/22, at 17-18. Accordingly, as the record supports the orphans' court's rulings regarding the SEPTA settlement proceeds, Small's fifth issue merits no relief.

In her final issue, Small contends that the orphans' court erred when it "made findings on the manner in which the checks were issued to [her]." Small's Brief at 21. According to Small, "this finding was unwarranted . . . because no such evidence existed." *Id*. Small points out that Dollard filed a motion to compel "information concerning the distribution, checks, and other related things," and the orphans' court denied the motion. *Id*. Small maintains that, "[i]nasmuch as the issues sought in the motion were beyond the jurisdiction, the orphans' court order provides further support that the rulings on wrongful death proceeds is [*sic*] beyond its power." *Id*. at 21-22.

The orphans' court considered Small's final issue and determined that it lacked merit. The court explained that it granted Dollard's motion to strike the objections and instructions not to answer questions and to compel the completion of Small's deposition. *See* Orphans' Court Opinion, 8/11/23, at 20. The court further explained the basis for its ruling on that motion, as follows:

> The questions asked at the deposition of . . . Small were material, relevant, and necessary to determine, on the record,

what happened to the funds in the Estate. This deposition testimony [wa]s necessary to determine how [Small] handled the Estate . . ., as Administrat[rix] and what she did with the Estate funds, including the settlement funds that were required to be placed under the jurisdiction of this court pursuant to the Delaware County order of April 17, 2017 and how the funds were distributed upon receipt from [the hospital].

The material and relevant questions objected to and instructed not to answer were as follows in the motion to compel: "And did you put it [the money] in a bank account?"; "Where is the money from the settlement?"; "Did you receive any settlement money for this Estate and what did you do with it?"; "What name was on the [settlement] check? . . . "and was that taken to a bank?"; "Who handed you the check"; "And what did you do with the money?" Is there any money left from the settlement from the settlement proceeds?["]

Here, the objections and instructions not to answer the questions by counsel for the Estate were improper, have no basis in law or in the Rules of Civil Procedure . . . as adopted by this court, and are approaching bad faith as the aforementioned questions presented by opposing counsel are readily relevant and determinant as to what happened to the funds of the Estate.

*Id*. at 22 (citations to the record and unnecessary capitalization omitted).[6]

Our review of the record confirms that the orphan's court granted Dollard's motion to strike the objections and instructions not to answer questions and to compel the completion of Small's deposition. ***See*** Order,

_____

[6] In his brief, Dollard purports to challenge the orphans' court's decision not to surcharge Small's counsel for the loss of the assets of the Estate, based on counsel's improper distribution of the Estate assets to Small. However, Dollard did not preserve this issue for our review by filing a cross-appeal of the amended decree.

3/29/22, at 1.[7]  The order additionally directed that Small submit to a further deposition within ten days.  *Id*.  During her continued deposition, Small testified that she received a settlement check from her counsel which bore her name only, and she confirmed that there was no other name on the check, and that the check said nothing else.  *See* N.T. Deposition of Juanita Small, 5/16/22, at 15-16.

Based on the record before us, we find no merit to Small's unsupported claim that the subject motion to compel was "denied," or that "no . . . evidence existed" regarding "the manner in which the checks were issued to [her]." Small's Brief at 21.  Indeed, Small's own testimony establishes that the settlement check for the wrongful death claim was made payable to her in her individual capacity, and not in her capacity as Administratrix of the Estate. Accordingly, as the record amply supports the orphans' court's findings regarding the manner in which the check for the wrongful death settlement proceeds was made payable to Small, her final issue merits no relief.

_____

[7] As explained above, Dollard also filed a motion to compel Small to produce certain documents as well as a motion to find Small in contempt of court.  The orphans' court entered two additional orders on March 29, 2022, denying these separate motions.  Small appears to conflate the court's rulings on these other motions with its ruling on the motion to strike the objections and instructions not to answer questions and to compel the completion of Small's deposition.

- 21 -

In sum, based on the facts and law set forth by the orphans' court in its well-reasoned opinion, Small's issues merit no relief. Accordingly, we affirm the amended decree.

Amended decree affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/25/2024